# IN THE MATTER OF BALDWIN.
## (Supreme Court Disciplinary No. 62)

Per curiam.

The State Disciplinary Board found that respondent, B. H. Baldwin, violated standards 61 and 63 of State Bar of Georgia Rule 4-102 by failing to notify his client promptly of the receipt of funds from a real estate sale, failing to deliver such funds promptly to his client, and failing to render promptly to his client an appropriate accounting. The evidence shows respondent received $11,075 on or about January 12, 1978, from the sale of real estate belonging to his client. Respondent deposited said funds in his trust account. On January 17, 1978, he disbursed three checks in the amount of $239.70 for tax, survey and recording costs. On January 19, 1978, he paid himself a $4,000 fee. He did not notify his client of the receipt of the sales proceeds until May 24, 1978, when he sent her a check for $6,782.80. The client's check was returned for insufficient funds. The funds were paid to the client four days thereafter and the client has suffered no financial loss.

The State Disciplinary Board reports and recommends an indefinite suspension of respondent's license to practice law. Respondent has not filed an answer in this court. Upon review we find the report of the State Disciplinary Board to be supported by the record beyond a reasonable doubt.

It is ordered that B. H. Baldwin be suspended indefinitely from the practice of law in Georgia and from the State Bar of Georgia. *It is so ordered. All the Justices concur.*

Decided September 10, 1980.

*Omer W. Franklin, Jr., General Counsel State Bar, James E. Spence, Jr., Assistant General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Eric L. Jones,* for Baldwin.